[Civ. No. 530.  First Appellate District.—March 4, 1909.]

WILLIAM  WEHNER,  Respondent,  v.  ALEXANDER BAUER, Appellant.

ACTION ON NOTE—CONSIDERATION—PRESUMPTION—BURDEN OF PROOF.— In an action on a promissory note the law raises the presumption that it was given for a consideration, and the burden of proof is upon the defendant to show that there was no consideration therefor.

ID.—EVIDENCE OF CONSIDERATION—VALUE OF USE OF MONEY—DESIRE FOR FURTHER USE—JUST OBLIGATION—INCONSISTENT FINDING AND JUDGMENT—NEW TRIAL.—Where there was no evidence for the defendant, and the plaintiff testified the note was given for the value of the use of $25,000 of plaintiff's money for seven months, and the desire for the use of the same for a longer period, and that the defendant proposed the note as a just obligation, and paid $30 interest thereon, findings and judgment for the defendant are not supported by the evidence, and the court properly granted a new trial to the plaintiff.

ID.—NEW TRIAL FOR INSUFFICIENCY OF EVIDENCE—DISCRETION OF COURT.—A motion for a new trial for insufficiency of the evidence to justify a verdict or the findings of the court is addressed to the sound legal discretion of the trial court, and its action will not be disturbed upon appeal, unless it appears that there was a clear abuse of discretion. *Held,* that in this case, not only there is no abuse of discretion, but that the evidence was such that the court properly granted the motion for a new trial.

APPEAL from an order of the Superior Court of Santa Clara County granting a new trial. John E. Richards, Judge.

The facts are stated in the opinion of the court.

Carl Westerfeld, and A. H. Jarman, for Appellant.

Samuel G. Tompkins, and Wm. P. Vueve, for Respondent.

COOPER, P. J.—This action was brought to recover upon a promissory note for $1,000, dated September 30, 1902, a copy of which is set forth in the complaint. The answer of the defendant contained no denial as to the due execution and delivery of the promissory note, but alleged in effect that the note was executed without consideration. The case was submitted upon the evidence of plaintiff, and judgment entered in favor of defendant. The court afterward, upon due consideration, granted the motion of plaintiff for a new trial upon the ground of the insufficiency of the evidence to sustain the judgment. This appeal is from the order so made granting a new trial.

In our opinion the court was justified in granting the new trial. The plaintiff had a promissory note duly made and delivered by defendant to him. Defendant had paid $30 interest on the note up to March 1, 1903. The law raises the presumption that the promissory note was given for a consideration. The burden was upon the defendant to show that there was no consideration for such note. The evidence of plaintiff tends to show that the defendant had, by reason of certain business matters, used $25,000 of plaintiff's money for about seven months, and that defendant desired to borrow the $25,000 for a new period. That thereupon defendant of his own free will, offered to pay plaintiff $1,000 for the use he had already had of the $25,000 if plaintiff would take his promissory note for the $1,000. The substance of the agreement was that plaintiff loaned the defendant the $25,000 for a stated period and for a longer period, and that the defendant gave the promissory note as interest for the use he had already had of the $25,000 belonging to plaintiff. Defendant knew the consideration he had received when he executed the note. He put his signature to

it in payment of what he deemed to be a just obligation due plaintiff. The rule is well settled that a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict or other decision is addressed to the sound legal discretion of the trial court, and its action in granting the motion will not be disturbed on appeal unless it appears that there was a clear abuse of such discretion. In this case we not only think there was no such abuse of discretion, but that the evidence was such that the court properly granted the motion for a new trial.

The order is affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 31, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1909.